IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID LEE MOORE,                )
                                )
          Petitioner,           )
                                )
vs.                             )   Case No. 02-CV-781-JHP-FHM
                                )
GLYNN BOOHER, Warden,           )
                                )
          Respondent.           )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced on October 10, 2002, by Petitioner, a state inmate appearing *pro se*. On that date, Petitioner filed a petition (Dkt. # 1), along with a brief (Dkt. # 2) and exhibits (Dkt. # 3) in support of his petition. Respondent filed a response (Dkt. # 10) to the petition. Petitioner filed a reply (Dkt. # 11). For the reasons discussed below, the Court finds the petition shall be dismissed as moot.

### *BACKGROUND AND DISCUSSION*

According to Petitioner's statement of facts, see Dkt. # 2 at 6, he was charged in Tulsa County Case No. CF-1999-4856, with Uttering a Forged Instrument, After Former Conviction of a Felony, while on parole from Comanche County Case No. CF-1996-320. Pursuant to a counseled plea agreement, he pled guilty and was sentenced to ten (10) years imprisonment in the Tulsa County case. The plea agreement provided that his Tulsa County sentence was to run concurrent with his Comanche County sentence to be entered following revocation proceedings. However, neither the Tulsa County Judgment and Sentence (Dkt. # 3, Ex. A), nor the revocation order for the Comanche County sentence (Dkt. # 3, Ex. A-1), reflected that the sentences were to be served concurrently. Petitioner claims he first became aware that his sentence entered in Tulsa County Case No. CF-1999-4856, was not being administered concurrently with his sentence entered in

Comanche County Case No. 1996-320, upon revocation of parole, when he was transferred to a private prison. At that point, Petitioner began his efforts to correct the records to reflect the terms of the Tulsa County plea agreement. See Dkt. #s 2 and 3.

Petitioner filed the instant petition on October 10, 2002, challenging his Tulsa County conviction on the basis that his plea agreement "was unable to be fulfilled," see Dkt. # 2 at 11, and that he was deprived of effective assistance of counsel as a result of the invalid plea agreement, see id. at 16. In response to the petition, see Dkt. # 10, Respondent explains that at the time Judgment and Sentence was entered in the Tulsa County case, Petitioner's parole had not yet been revoked in the Comanche County case. As a result, the Tulsa County Judgment and Sentence did not reflect that the sentences were to be served concurrently. When parole was revoked after the Judgment and Sentence had been entered in Tulsa County, the revocation order for the Comanche County sentence also did not reflect that Petitioner's sentence in that case was to be served concurrently with the Tulsa County sentence. However, on September 14, 2000, an Amended Judgment and Sentence was entered in the Tulsa County case reflecting that the sentence was to be served concurrent with sentences entered in another Tulsa County case and in Comanche County Case No. CF-96-320. See Dkt. # 3, Ex. A-2. In addition, Respondent indicates that on December 5, 2002, or after the filing of the petition in the instant case, the Governor of the State of Oklahoma amended the order revoking Petitioner's parole to reflect that the Comanche County sentence was to be served concurrent with the sentence entered in Tulsa County District Court, Case No. CF-1999-4856. See Dkt. # 10, Ex. C.

Because the amendments to the Tulsa County Judgment and Sentence in Case No. CF-1999-4856 and to the order revoking Petitioner's parole in Comanche County District Court, Case No.

CRF-1996-320, afforded Petitioner all the relief this Court could have granted him, Respondent asserts that Petitioner's claims in this case have been rendered moot. Cf. Hayes v. Evans, 70 F.3d 85, 86 (10th Cir.1995). The Court agrees with Respondent. Furthermore, in reply to Respondent's response, Petitioner agrees that state authorities have attempted to correct "the wrong that was present." See Dkt. # 11. As a result, Petitioner requests in his reply that he be allowed to withdraw his petition. See id. The Court notes that Petitioner has filed nothing since his reply to indicate that the Department of Corrections is administering his sentences consecutively, as opposed to concurrently. In light of the foregoing, the Court finds Petitioner's claims have been rendered moot.

## *CONCLUSION*

Because state authorities have afforded Petitioner all the relief this Court could have granted him, the claims asserted in the petition have been rendered moot. Therefore, this action shall be dismissed as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **dismissed as moot**. A separate judgment shall be entered in this matter.

DATED THIS 25th day of September 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma